Leland A. Wahl, Esq. (SBN 127101)
ROCKEY & WAHL LLP
5743 Corsa Avenue, Suite 116
Westlake Village, California 91362
818-865-2200 tel 818-879-9400 fax
lee@rockeywahl.com

Attorneys for
ROBERT FOWLER and RONALD W. HERTEL

Michael A. Garabed, Esq. (SBN 223511)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, California 90071
mgarabed@reedsmith.com

Attorneys for
VFS FINANCING, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| VFS FINANCING, INC., <br><br>Plaintiff, <br><br>vs. <br><br>CHF EXPRESS, LLC, a California limited liability company; ROBERT FOWLER, an individual residing in California; and RONALD W. HERTEL, an individual residing in California, <br><br>Defendants. | Case No. CV09-01163-DSF-RCx <br><br>**STIPULATION FOR ENTRY OF PROTECTIVE ORDER** <br><br>AND <br><br>[~~PROPOSED~~] <br><br>**PROTECTIVE ORDER** <br><br><br>NOTE CHANGES MADE BY THE COURT. |

---

1

Stipulated Protective Order

## STIPULATION

Plaintiff VFS Financing, Inc. and defendants Robert Fowler and Ronald W. Hertel stipulate and agree that, as Messrs Fowler and Hertel are willing to produce to VFS, in response to discovery, and for purpose of use in this case only, personal financial information that Fowler and Hertel contend is protected from disclosure by their rights of privacy, including their rights of financial privacy, provided that the information they produce is protected from disclosure by the terms of the protective order set forth below, the parties agree to entry of a protective order on the terms set forth below, and they jointly request that the Court enter an order on this stipulation.

February 16, 2010

REED SMITH LLP

*Michael Garabed*

Attorneys for
VFS FINANCING, INC.

February 16, 2010

ROCKEY & WAHL LLP

*Leland A. Wahl*

Leland A. Wahl

Attorneys for
ROBERT FOWLER and RONALD W. HERTEL

---

2
Stipulated Protective Order

## ORDER

The Court having considered the foregoing stipulation and having found that good cause exists to enter the following order on that stipulation,

IT IS HEREBY ORDERED THAT:

1. Any information produced in response to discovery in this action may be designated by the producing party as "Confidential." A document may be designated "Confidential" when it contains confidential information, including personal financial information or information protected from disclosure by rights of privacy or rights of financial privacy.

2. Any party wishing to invoke the confidentiality provisions of this Order as to any document or thing may designate that document or thing as confidential at the time he produces it by marking the document or thing "Confidential."

3. With respect to deposition testimony, the party or his counsel may invoke the provisions of this Order by claiming confidentiality on the record. The party or his or her counsel shall also have the right, within 30 days of receiving a transcript of the deposition, to designate the transcript or a portion thereof "Confidential." During the 30 day period, counsel for the parties shall treat the entire transcript as if it had been designated "Confidential."

4. Any materials designated "Confidential," as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:

   (a) Attorneys of record for the receiving party and their staff;
   (b) The Judge, Magistrate, law clerks and other employees of the Court in this action;
   (c) Independent experts or consultants retained to assist in the preparation of this case; and
   (d) Employees of the parties or their affiliates.

5. Each expert or consultant permitted by the parties or their counsel to have access to information designated as "Confidential" under the terms of this Order shall be provided with a copy of this Order for review before being given access to that information. Upon receiving this Order, each expert or consultant shall sign the statement set forth in Exhibit A hereto indicating that he has read the Order and agrees to comply with its terms.

6. Any document or evidence filed with the Court in this action which is designated as containing confidential information shall be filed in the manner set forth in Local Rule 79-5.1. ~~envelope or other appropriate sealed container marked on the outside with the title of the action, and a statement substantially in the following form:~~

~~"CONFIDENTIAL"~~

~~"This document is subject to a PROTECTIVE ORDER issued by the Court and may not be examined or copied except in compliance with that Order."~~

7. If, at any time during the preparation for trial or during the trial of this action, any party believes that any other party has unreasonably designated certain material as "Confidential" or believes that it is necessary to disclose designated material to persons other than those permitted by this Order, and the producing party does not agree to further disclosure, the objecting party may make an appropriate motion to this Court pursuant to Local Rule 37, upon notice to all parties requesting that the designated material be released from restriction under this Order or be available to specified other persons. A party who contends that material designated as "Confidential" under this Order should remain confidential shall have the burden of proving that contention.

8. Neither entry of this Order nor production or receipt of any confidential information subject to its terms shall constitute a waiver of any objection or acceptance of any objection to that information as confidential or protected from disclosure by rights of privacy or rights of financial privacy or that that information is relevant or admissible for any purpose in this action.

4

Stipulated Protective Order

9. The Order may only be modified by an order of this Court or the written agreement of the parties.

10. After termination of this action, unless the attorneys of record otherwise agree in writing, each party shall assemble and return all "confidential" materials, including copies, to the person from whom the material was obtained. The attorney of record may retain one copy of any designated documents.

11. If a document is inadvertently produced by either party without the appropriate confidentiality designation, the producing party may notify the receiving party of the oversight within 30 days of discovery. Once notified, the receiving party shall treat the document as being appropriately designated and subject to this Order.

12. This Order shall not prejudice the right of any party or non-party to oppose production of any material on the ground of attorney-client privilege or work product immunity.

Date: 2/23/10       _____

# EXHIBIT A

1. I have been asked to receive and review certain materials or testimony that have been designated as "CONFIDENTIAL" within the terms of the Protective Order entered in United States District Court Case No. CV09-01163.

2. I have read that Protective Order and agree to be bound by its terms.

3. I agree to submit to the jurisdiction of the United States District Court, Central District of California, for enforcement of my obligations under the Protective Order.

Date: _____     _____